*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* PAROLE OF RICHARD ALLEN MCBRAYER.

---

MACOMB COUNTY PROSECUTOR,

    Plaintiff-Appellee,

v

RICHARD ALLEN MCBRAYER,

    Defendant,

and

MICHIGAN PAROLE BOARD,

    Defendant-Appellant.

UNPUBLISHED
March 10, 2022

No. 357712
Macomb Circuit Court
LC No. 2020-000063-AP

---

*In re* PAROLE OF RICHARD ALLEN MCBRAYER.

---

MACOMB COUNTY PROSECUTOR,

    Plaintiff-Appellee,

v

RICHARD ALLEN MCBRAYER,

    Defendant-Appellant,

and

No. 357720
Macomb Circuit Court
LC No. 2020-000063-AP

---

-1-

MICHIGAN PAROLE BOARD,

        Defendant.

_____

Before:  JANSEN, P.J., and CAMERON and RICK, JJ.

JANSEN, J. (*dissenting*)

For the reasons that follow, I respectfully dissent.  I would conclude that the circuit court improperly reversed the Parole Board decision granting defendant parole.  I would vacate the trial court order, and remand to the trial court to reinstate the Parole Board decision to grant defendant parole.

The circuit court may reverse the Parole Board's decision to grant a prisoner parole only if the prosecutor demonstrates that the Parole Board's decision constituted a clear abuse of discretion or violated a constitution, statute, rule, or regulation.  MCL 791.234(11); *In re Parole of Elias*, 294 Mich App 507, 538; 811 NW2d 541 (2011).  "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *In re Parole of Elias*, 294 Mich App at 538.

Defendant's parole guidelines score was +11 points, which placed him in the category of high probability of parole.  Therefore, the Parole Board had limited discretion to depart from the parole guidelines, MCL 791.233e(6), and was required to grant defendant parole "absent substantial and compelling reasons to depart from that decision." *In re Parole of Elias*, 294 Mich App at 539.  The Parole Board must have a "reasonable assurance, after consideration of all of the facts and circumstances, . . . , that the prisoner will not become a menace to society or to the public safety." *Id*. at 522 (quotation marks and citations omitted).  The circuit court may not substitute its judgment for that of the Parole Board. *Id*. at 538-539.  This, however, occurred in this case.

Without holding an evidentiary hearing or taking testimony, the trial court made findings of fact based on its own opinions.  For example, the circuit court concluded that there were substantial and compelling reasons to deny defendant parole based on the only change in material facts since defendant's third appeal, *In re Parole of Richard Allen McBrayer*, unpublished per curiam opinion of the Court of Appeals, issued August 29, 2019 (Docket No. 346841) (*McBrayer III*)—defendant's allegedly unpersuasive denial of any continued sexual attraction to adolescents.[1]  Despite the circuit court's contentions, however, new assessments since *McBrayer III* demonstrated that defendant resolved the outstanding concerns that previously served as the basis of the substantial and compelling reasons to depart from his high parole guidelines score.  He fully accepted responsibility for his conduct, and expressed an understanding of, and remorse for, the significant harm he caused his stepdaughter.  He successfully completed two sex-offender rehabilitation programs and developed a plan to prevent reoffending.  He was successfully on

_____

[1] The trial court disputed the credibility of defendant's expression of remorse and acceptance of responsibility without any appearance or testimony of defendant.  This opinion appears to be based on pure speculation, and beyond the purview of the trial court.

parole for two years without reoffending before a previous appellate decision made him return to custody. The circuit court also placed undue emphasis on the nature of the crime. However, this was just one factor in the Parole Board's analysis, and the Parole Board's assessment of defendant's demonstration of remorse, acceptance of responsibility, and progress toward rehabilitation was supported by the record, entitling it to deference by the circuit court.

Additionally, the circuit court substituted its own judgment regarding the extent of defendant's rehabilitation. The circuit court reasoned that defendant's voluntary participation in substance-abuse counseling "evidence[d] a refusal to recognize his true problems." However, reports indicated that defendant participated in substance-abuse programs to continue learning and gaining perspective. The circuit court thus impermissibly substituted its judgment as to the value of those programs. Moreover, the circuit court opined that "additional participation in sex[-]offender therapy would have been warranted" in light of the nature of the offense. Notwithstanding defendant's satisfactory completion of two sex-offender treatment programs and the parole condition requiring additional sex-offender programming at his field agent's discretion, the circuit court substituted its judgment for that of the Parole Board regarding the level of programming defendant must complete to demonstrate his suitability for parole.

The circuit court also reasoned that the inclusion of any special parole conditions demonstrated that defendant remained a menace to society. To the contrary, these parole conditions directly addressed outstanding concerns and were fashioned to allow the Parole Board to monitor and ensure defendant's success. The Parole Board determined that defendant was rehabilitated enough to be returned to society with necessary oversight, and the circuit court erred by substituting its own judgment in place of the Parole Board's reasonable and principled judgment on the matter. While the circuit court clearly was unsatisfied with the degree of defendant's rehabilitation, this Court must defer to the Parole Board's assessment of defendant's suitability for parole, not the circuit court's assessment. *In re Parole of Elias*, 294 Mich App at 538-539. See also *People v Holder*, 483 Mich 168, 172-173; 767 NW2d 423 (2009) ("A paroled prisoner is not considered released; rather, the prisoner is simply permitted to leave the confinement of prison. Indeed, a parolee explicitly 'remain[s] in the legal custody and under the control of the [MDOC]' while on parole.") (citations omitted; first alteration in original). Defendant's successful compliance with his prior parole conditions suggests he will likely continue to be successful if released on parole subject to numerous conditions and MDOC oversight. Defendant is only four years away from the maximum discharge date for his 20 to 40-year sentence. In four years he would be discharged from custody, in contrast to being paroled now, with supervision and mandatory reporting for two to four years.

Thus, the circuit court erred by impermissibly substituting its own judgment as to the weight of various evidence in an effort to find a substantial and compelling reason to deny defendant parole. I would vacate the circuit court order reversing the Parole Board decision to grant defendant parole, and remand this matter to the circuit court to reinstate the Parole Board decision granting defendant parole.

/s/ Kathleen Jansen